UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No. 6:25-cr-5-JSS-DCI

MICHAEL SCHEUER

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1030(i) and Fed. R. Crim. P. 32.2(b)(2), to enter a preliminary order of forfeiture for a Corsair desktop computer tower, Serial No. 030422135716, seized from the defendant's residence on September 23, 2024, which was used to commit or to facilitate the commission of the offense charged in Count One of the Information. In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

  **A.   Allegations Against the Defendant**

1. In pertinent part, the defendant was charged with transmitting a program, information, code, and command and intentionally causing damage without authorization to a protected computer, and the defendant's course of conduct resulting in an aggregate loss to persons of at least $5,000, in violation of 18 U.S.C. § 1030(a)(5)(A) (Count One). Doc. 30.

2.   The Information contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), the United States would seek to forfeit the asset identified above. *Id.* at 3.

**B.   Finding of Guilt and Admissions Related to Forfeiture**

3.   The defendant pleaded guilty to Counts One and Two of the Information. Docs. 41, 46. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 49.

4.   In his plea agreement (Doc. 33 at 17-27), the defendant admitted to a factual basis which establishes the conduct underlying the charges in the Information and provides support for the forfeiture of the asset described above.

5.   Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), the defendant agreed to forfeit any and all assets that were used or intended to be used to commit or to facilitate the commission of the offense charged in Count One of the Information, including the asset identified above. Doc. 33 at 5-6. He also agreed that the order of forfeiture should be final as to the defendant at the time it is entered. *Id.* at 6.

**II.   Applicable Law**

Forfeiture of assets for a violation of 18 U.S.C. § 1030 is governed by 18 U.S.C. § 982(a)(2)(B), which provides that, upon conviction of a violation of § 1030, a defendant shall forfeit to the United States, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and,

pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of such violation.

Rule 32.2(b)(1) requires that when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). This finding should be made as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). In his plea agreement, the defendant admitted that the above asset was used or intended to be used to commit or to facilitate the commission of the offense charged in Count One of the Information. Therefore, the asset is subject to forfeiture, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the asset identified above.

The United States further requests that in accordance with his Plea Agreement (Doc. 33 at 10) and Rule 32.2(b)(4), the order of forfeiture be made as to the defendant at the time it is entered.

Upon issuance of the Preliminary Order of Forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the assets and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has an interest must be deferred until any third-party files a claim. *See* Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally announcing the sentence and include the forfeiture order in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy,* 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the assets, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

          Respectfully Submitted,

          ROGER B. HANDBERG
          United States Attorney

          By: *s/James A. Muench*
                JAMES A. MUENCH
                Assistant United States Attorney
                Florida Bar Number 472867
                400 North Tampa Street, Suite 3200
                Tampa, Florida 33602
                (813) 274-6000 – telephone
                E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
